## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

FRANK KENNETH MILLER, JR.,

     Plaintiff,

v.

COBRA ENTERPRISES OF UTAH, INC.
d/b/a Cobra Firearms, a Utah corporation; and
RK HOLDINGS LLP d/b/a RURAL KING
HOLDINGS, LLP, an Illinois limited
liability partnership authorized to do
business in the State of West Virginia,

     Defendants.

CIVIL ACTION NO.   2:18-cv-00269
(Judge:_____)

### COMPLAINT

For his Complaint against the defendants, the plaintiff alleges and state as follows:

### PARTIES

1.     The plaintiff, Frank Kenneth Miller, Jr. is a citizen and resident of Boone County, West Virginia.

2.     The defendant, Cobra Enterprises of Utah, Inc. d/b/a Cobra Firearms, ("Cobra") is an Utah corporation with its principal place of business in Salt Lake City, Utah, and at all times relevant hereto, was in the business of manufacturing, re-manufacturing, modifying and/or altering, fabricating, designing, packaging, shipping, selling, servicing, and/or distributing firearms in the State of West Virginia, including but not limited to the .38 Cal Cobra Derringer Model CB38SB #CT188945 ("subject Cobra Derringer").

3.     The defendant, RK Holdings LLP d/b/a Rural King, ("Rural King") is an Illinois corporation authorized to do business in the State of West Virginia, with its principal place of

1

business in Mattoon, Illinois, and at all times relevant hereto, was in the business of selling and/or distributing firearms in the State of West Virginia, including the subject Cobra Derringer. As a seller of firearms in the State of West Virginia, defendant Rural King is subject to the provisions within W. Va. Code § 55-7-31(b).  At all times relevant hereto, defendant Rural King had actual knowledge of the defect in the subject Cobra Derringer, which is the proximate cause of the harm for which recovery is sought in this matter.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of costs and interest, and involves citizens of different states.

5.      Defendants availed themselves to the jurisdiction of this Court pursuant to W. Va. Code § 56-3-33 and W. Va. Code § 31D-15-1501(d)(3), by doing, personally and through their agents, the following acts:

  a.    Committing a tortious act within this state by selling and/or delivering a defective product for placement into the West Virginia stream of commerce for ultimate users;

  b.    By manufacturing, testing, selling, distributing, assembling and servicing Cobra products, including the subject Cobra Derringer, to or for persons, firms and/or corporations in this state *via* its distributors, wholesalers, and brokers. Such Cobra products, including the subject Cobra Derringer, were used by West Virginia consumers in the ordinary course of commerce and trade;

  c.    By deriving substantial revenues in this state;

  d.    The acts or omissions of the defendants caused injuries to persons in West Virginia, including plaintiff;

  e.    By engaging in the solicitation of activities in West Virginia to promote the sale, consumption, use, maintenance, distribution, assembly and repair of Cobra

Derringer firearms, including the subject Cobra Derringer which is the subject of this Complaint; and

f.     By manufacturing, testing, selling, distributing or assembling Cobra products, including the subject Cobra Derringer which is the subject of this Complaint, with knowledge or reason to foresee that Cobra products, including the subject Cobra Derringer, would be shipped in interstate commerce and would reach the market of West Virginia users or consumers.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1931(a) in that a substantial portion of the events giving rise to the claims herein took place within the Southern District of West Virginia.

## FACTS

7.     On a date prior to the event giving rise to this cause of action, Davis Industries manufactured small firearms known as "Derringers," marketed for personal protection. Over the following years, several owners and/or bystanders sustained personal injuries when the Derringers fired unexpectedly when dropped or mishandled.

8.     As a result of the numerous inadvertent discharges, Davis Industries defended a number of personal injury lawsuits arising out of their failure to include safety devices and negligent marketing of the Derringer firearm. Upon information and belief, in 1999, Davis Industries filed for bankruptcy and ceased operations in and about 2001.

9.     Soon after Davis Industries closed its business, defendant Cobra was formed and immediately purchased the rights to Davis Industries' Derringer model firearm. In doing so, Cobra purchased the equipment from Davis Industries used to manufacture the Derringer firearm. Thereafter, Cobra began manufacturing the Cobra Derringer which, for all intents and purposes, is identical to the Davis Derringer. Despite the liability claims that ultimately led to

the demise of Davis Industries, no additional safety features were added to the Derringer model that was eventually manufactured and sold under the Cobra brand.

10.    Like the predecessor Davis Derringer, the Cobra Derringer is designed and manufactured such that when the firearm is in the neutral, "uncocked" position, the hammer rests on the firing pin, which in turn rests on the primer located within the cartridge.  When the firing pin comes in contact with the primer within the cartridge, pressure increases, which propels the bullet.  Accordingly, incidental conduct can and has caused an unexpected discharge without any purposeful movement of the trigger or hammer as the design of the Cobra Derringer is such that no momentum is necessary to initiate firing of the firearm.

11.    Insofar as the Cobra Derringer is substantially similar to the predecessor Davis Derringer, defendant Cobra knows that its Derringer firearm is susceptible to inadvertent discharge upon foreseeable accidental impact, yet it failed to provide any warning to its users of this hazard.

12.    On November 3, 2016, plaintiff Kenneth Miller, Jr. purchased the subject Cobra Derringer from the defendant Rural King in Cross Lanes, West Virginia.  The subject Cobra Derringer did not come with an operator's manual.  Instead, the product literature that accompanied the subject Cobra Derringer was nothing more than an instruction to go online to view any and all warnings and instructions concerning the proper use and hazards associated with the subject Cobra Derringer, such that many individuals without the means to access and/or the understanding on how to access the product literature online, were not warned of the subject Cobra Derringer's potential hazards.

13.    On Sunday, June 25, 2017, plaintiff Frank Kenneth Miller, Jr. was in his garage preparing to take a trip on his Harley-Davidson motorcycle to Tennessee on Monday, June 26,

2017. It was at that point in time that he decided to take the loaded subject Cobra Derringer on the trip because it is a compact firearm that would fit in the lower compartment of his motorcycle. While knelt down by his motorcycle, plaintiff Frank Kenneth Miller, Jr. was preparing to place the firearm inside the compartment of his motorcycle when it fell onto the concrete floor and inadvertently discharged, striking said plaintiff in the left calf and upper left thigh and lower left abdomen.

14.     As a result, plaintiff Frank Kenneth Miller, Jr. was injured in and about his body suffering puncture wounds to the abdominal wall, left lower quadrant with penetration into peritoneal cavity, puncture wound left thigh, puncture wound left lower leg, a bowel resection and exploratory laparotomy, and other injuries throughout his body, and he has incurred the following damages:

    a.    physical pain and suffering;

    b.    mental anguish and suffering;

    c.    future physical impairment;

    d.    loss of capacity to enjoy life;

    e.    medical expenses past and future;

    f.    Scarring and disfigurement

    g.    annoyance and inconvenience; and

    h.    punitive damages.

## COUNT I
## STRICT PRODUCT LIABILITY

15.     The plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

16.     The defendants designed, manufactured assembled, rebuilt, modernized, sold, serviced, distributed and/or placed into the stream of commerce the subject Cobra Derringer, which was used by the plaintiff in a manner for which it was designed, manufactured, and marketed by the defendants.

17.     The subject Cobra Derringer used by plaintiff was defective from the time it was designed, manufactured, and marketed until plaintiff Frank Kenneth Miller, Jr. was severely injured while handling the subject Cobra Derringer, by virtue of its defective and/or not reasonably safe design, when used as intended, which allowed for the subject Cobra Derringer's hammer/firing pin to rest directly on the primer and result in inadvertent discharge upon foreseeable accidental impact, rather than a reasonable alternative design that requires significant momentum for the firing pin and primer contact to occur.  The defendants had actual knowledge of the Cobra Derringer's defective design that was a proximate cause of the harm for which recovery is sought.

18.     At the time that the subject Cobra Derringer left the control of defendant Cobra, safer alternative designs existed which would have made the gun safer and would have prevented inadvertent discharge upon foreseeable accidental impact without substantially impairing the subject Cobra Derringer's utility.   These safer alternative designs were economically and technologically feasible at all times relevant.

19.     The subject Cobra Derringer was further rendered not reasonably safe because an adequate warning about the hazards with operating and/or using the subject Cobra Derringer with defects, including the subject Cobra Derringer's susceptibility to inadvertent discharge upon foreseeable accidental impact, was not provided to consumers, either at or after the time that the subject Cobra Derringer left defendant Cobra's control.

20.     A reasonably prudent manufacturer should have included adequate warnings about the hazards with operating and/or using the subject Cobra Derringer with defects as described above at the time the product was made.

21.     Users of the Cobra Derringers, including the subject Cobra Derringer, such as Kenneth Miller, Jr. did not know and should not have been expected to know of the characteristics of the subject Cobra Derringer that had a potential to inadvertently discharge and cause injuries as were suffered by Kenneth Miller, Jr.

22.     As a direct and proximate result of the defective design associated with the foreseeable use and operation of the subject Cobra Derringer, and defendants' failure to warn plaintiff of the subject Cobra Derringer's defect, the defendants are strictly liable to the plaintiff for the injuries and damages described herein.

## COUNT II
## BREACH OF WARRANTY

23.     The plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

24.     The defendants, at all times material hereto, by and through the sale of the subject Cobra Derringer, expressly and impliedly warranted to users through their actions, representations, promises, affirmations, promotions, product literature, photographs and promotional material, to all prospective consumers and the public generally, including plaintiff, that the subject Cobra Derringer, which the defendants designed, manufactured, assembled, rebuilt, modernized, sold, serviced, marketed and/or distributed was of such quality and reasonably fit for the purpose of serving as a safe firearm.

25.     The defendants breached their express and implied warranties of fitness and merchantability by defectively designing, manufacturing, assembling, building, modernizing,

selling, servicing, marketing and/or distributing defective and/or not reasonably safe Cobra Derringers, including the subject Cobra Derringer. At the time of the events giving rise to this cause of action, the subject Cobra Derringer was not reasonably safe for the use to which it was intended as reflected throughout the defendants' actions, representations, promises, affirmations, promotions, product literature, photographs and promotional materials.

26.    Plaintiff Frank Kenneth Miller, Jr. made use of the subject Cobra Derringer as alleged herein, and relied on the express and implied warranties made by the defendants through their actions, representations, promises, affirmations, promotions, product literature, photographs, and promotional material that accompanied the subject Cobra Derringer.

27.    The defendants further breached their express and implied warranties of fitness and merchantability by failing to warn and/or instruct users, purchasers, the public, and others, including plaintiff, concerning the dangerous characteristics, manufacturer's labels, warnings or instructions of the subject Cobra Derringer when used in a reasonably foreseeable manner.

28.    As a direct and proximate result of the defendants' breach of warranties arising out of the sale and marketing of the subject Cobra Derringer, plaintiff Frank Kenneth Miller, Jr. sustained the injuries and damages described herein.

## COUNT III
## NEGLIGENCE

29.    The plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

30.    The defendants owe a duty of care to those individuals who use their products in a way that is reasonably foreseeable to defendants, such as plaintiff Frank Kenneth Miller, Jr. did on June 25, 2017. Defendants owe these individuals a duty to use reasonable care in manufacturing, re-manufacturing, modifying and/or altering, fabricating, designing, packaging,

shipping, selling, servicing, and/or distributing Cobra Derringers, and to protect them from unreasonable harm in the ordinary and foreseeable use of their products.

31.    Defendants breached this duty and were negligent in the following acts or omissions:

a.    the defendants negligently manufactured, re-manufactured, modified and/or altered, fabricated, designed, packaged, shipped, sold, serviced, and/or distributed the subject Cobra Derringer in such condition that it failed to perform in the manner for which it was intended;

b.    the defendants negligently manufactured, re-manufactured, modified and/or altered, fabricated, designed, packaged, shipped, sold, serviced, and/or distributed the subject Cobra Derringer in a manner so that it could not be operated in a safe manner;

c.    the defendants negligently caused to place into the stream of commerce the subject Cobra Derringer in a manner so eminently dangerous and inherently defective that users of the subject Cobra Derringer could not appreciate the dangers associated with its use; and

d.    the defendants failed to make reasonable inspections and tests, and failed to instruct, warn, and/or follow reasonable quality control procedures to discover the defects, dangers, and hazards presented by the subject Cobra Derringer which the defendants manufactured, re-manufactured, modified, and/or altered, fabricated, designed, packaged, shipped, sold, serviced, and/or distributed.

32.    As a direct and proximate result of the defendants' negligence, plaintiff Frank Kenneth Miller, Jr. sustained the injuries and damages described herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against these defendants, either individually and/or jointly, for such an amount as will be determined by a jury according to the laws of the State of West Virginia, including compensatory damages, punitive damages for their intentional, fraudulent, malicious and/or reckless indifference to the safety of the plaintiff's decedent, pre-

judgment and post-judgment interest, reasonable costs, attorney's fees, and for such other relief as the Court may deem just and proper.

**A JURY TRIAL IS DEMANDED.**

FRANK KENNETH MILLER, JR.
By Counsel

_____/s/ L. Lee Javins, II_____
L. Lee Javins, II (WVSB No. 6613)
Taylor M. Norman (WVSB No. 13026)
BAILEY JAVINS & CARTER LC
213 Hale Street
Charleston, West Virginia 25301
Telephone:   (304) 345-0346
Facsimile:   (304) 345-0375
lajvins@bjc4u.com
tnorman@bjc4u.com