IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**FRANK KENNETH MILLER, JR.,**

    **Plaintiff,**

v.                                                            Civil Action No: 2:18-cv-00269

**COBRA ENTERPRISES OF UTAH, INC.**
**d/b/a Cobra Firearms, a Utah corporation; and**
**RK HOLDINGS LLP d/b/a RURAL KING**
**HOLDINGS LLP, an Illinois limited**
**liability partnership authorized to do**
**business in the State of West Virginia**

    **Defendants.**

**DEFENDANT RK HOLDINGS LLP D/B/A RURAL KING HOLDINGS, LLP'S
<u>ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Now comes defendant Rural King Holdings LLP d/b/a Rural King Holdings, LLP ("Rural King"), by counsel, and for its Answer to Plaintiff's Complaint ("Complaint") filed herein, states as follows:

Rural King, in response to the specific numbered paragraphs of the Complaint, states as follows:

<u>**PARTIES**</u>

1.    Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, therefore, demands strict proof thereof.

2.    Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, as the allegations relate to another defendant.

3. In response to the allegations contained in Paragraph 3 of the Complaint, Rural King states that it is a foreign corporation incorporated in the State of Illinois and has its principal place of business in Mattoon, Illinois. Except insofar as Rural King states that it is authorized to transact business in the State of West Virginia, and that it sells consumer goods, including firearms in the United States, including certain counties in West Virginia, and that it is entitled to the protections afforded to an innocent seller set forth in W. Va. Code §55-7-31(b), Rural King denies the remaining allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof.

## JURISDICTION AND VENUE

4. In response to the allegations contained in Paragraph 4 of the Complaint, Rural King admits only that this Court has subject matter jurisdiction of this action.

5. Rural King denies the allegations set forth in paragraph 5 of the Complaint, including the discrete subparts, and demands strict proof thereof.

6. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, therefore, demands strict proof thereof.

## FACTS

7. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, therefore, demands strict proof thereof.

8. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, therefore, demands strict proof thereof.

9. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and, therefore, demands strict proof thereof.

10. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, therefore, demands strict proof thereof.

11. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, as the allegations relate to another defendant.

12. With respect to the allegations set forth in Paragraph 12 of the Complaint, Rural King admits only that it sold a Cobra Derringer to Frank Miller at the Rural King store in Cross Lanes, West Virginia on November 3, 2016. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint and, therefore, denies the same and demands strict proof thereof.

13. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint and, therefore, demands strict proof thereof.

14. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint and, therefore, demands strict proof thereof. To the extent that the allegations set forth in paragraph 14 of the Complaint assert that Rural King is liable or responsible for

Plaintiff's alleged injuries or damages, Rural King expressly denies the same and demands strict proof thereof.

## COUNT I
## STRICT PRODUCT LIABILITY

15. In response to the allegations set forth in paragraph 15 of the Complaint, Rural King realleges, reasserts, and restates each and every of its responses to the allegations set forth in paragraphs 1 through 14 of the Complaint as though the same were set forth herein verbatim.

16. With respect to the allegations set forth in Paragraph 16 of the Complaint, Rural King admits only that it sold a Cobra Derringer to Frank Miller at the Rural King store in Cross Lanes, West Virginia on November 3, 2016. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint and, therefore, denies the same and demands strict proof thereof.

17. Rural King denies the allegations set forth in paragraph 17 of the Complaint and demands strict proof thereof.

18. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, therefore, denies the same and demands strict proof thereof.

19. Rural King denies the allegations set forth in paragraph 19 of the Complaint and demands strict proof thereof.

20. The allegations in paragraph 20 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Rural King states that it is presently without knowledge or information sufficient to form

a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, as the allegations relate to another defendant. To the extent that Paragraph 20 could be construed to contain allegations against Rural King, Rural King denies the allegations set forth in Paragraph 20 of the Complaint and demands strict proof thereof.

21. Rural King denies the allegations set forth in paragraph 21 of the Complaint and demands strict proof thereof.

22. Rural King denies the allegations set forth in paragraph 22 of the Complaint and demands strict proof thereof.

## COUNT II
## BREACH OF WARRANTY

23. In response to the allegations set forth in paragraph 23 of the Complaint, Rural King realleges, reasserts, and restates each and every of its responses to the allegations set forth in paragraphs 1 through 22 of the Complaint as though the same were set forth herein verbatim.

24. The allegations in paragraph 24 of the Complaint purport to state legal conclusions to which no response is required, except that Rural King denies any allegation set forth in paragraph 24 of the Complaint that states or implies that a product sold by Rural King contained any alleged defects, and/or that any conduct of Rural King was a proximate cause of any injury or damage alleged therein. Rural King also states that any warranties provided by Rural King, or any warranties implied as a matter of law, with respect to any products allegedly sold by Rural King, speak for themselves.

25. Rural King denies the allegations set forth in paragraph 25 of the Complaint.

26. Rural King is presently without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint and, therefore, denies the same and demands strict proof thereof.

27. Rural King denies the allegations set forth in paragraph 27 of the Complaint and demands strict proof thereof.

28. Rural King denies the allegations set forth in paragraph 28 of the Complaint and demands strict proof thereof.

## COUNT III
## NEGLIGENCE

29. In response to the allegations set forth in paragraph 29 of the Complaint, Rural King realleges, reasserts, and restates each and every of its responses to the allegations set forth in paragraphs 1 through 28 of the Complaint as though the same were set forth herein verbatim.

30. The allegations in paragraph 30 of the Complaint purport to state legal conclusions to which no response is required. To the extent a response is required, Rural King denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31. Rural King denies the allegations set forth in paragraph 31 of the Complaint, including the allegations contained in the discrete subparts, and demands strict proof thereof.

32. Rural King denies the allegations set forth in paragraph 32 of the Complaint and demands strict proof thereof.

33. Rural King denies the allegations set forth in the second "WHEREFORE" paragraph of the Complaint and demands strict proof thereof.

34. Rural King denies that Plaintiff is entitled to any damages.

35. All allegations set forth in the Complaint to which a specific response is not herein set forth are hereby specifically denied.

## **DEFENSES**

1. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that claims set forth in the Complaint fail or may fail to state claims against Rural King upon which relief may be granted and should, therefore, be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Rural King denies any and all allegations contained in the several paragraphs and counts of the Complaint that allege or imply any strict liability in tort, breach of warranty, negligence, or other fault on the part of Rural King; that allege or imply any other misconduct on the part of Rural King with respect to the product which is the subject of this action; that allege or imply any failure to meet a responsibility, or violation of duty with respect to Rural King; or that allege or imply that Rural King violated any applicable statutes, rules, regulations or industry standards whatsoever with respect to the product which is the subject of this action, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

3. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that Plaintiff's claims are or may be barred by reason of the statute of limitations and/or the doctrine of laches, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

4. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that Plaintiff's claims are or may be barred by the doctrine of comparative fault or negligence on the part of Plaintiff, and/or that the comparative fault or negligence on the part of Plaintiff or other parties will serve to diminish any award of damages which may ultimately be assessed, as the same may prove applicable as discovery proceeds and the evidence is developed in this case**.**

5. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that Plaintiff's claims are or may be barred by the doctrine of assumption of the risk on the part of Plaintiff, and that the assumption of the risk on the part of Plaintiff will serve to diminish any award of damages which may ultimately be assessed, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

6. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that the damages claimed by Plaintiff were proximately caused or brought about by persons other than Rural King, its agents, servants or employees, over whom Rural King had no control, and for whom Rural King bears no responsibility, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

7. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that Plaintiff's claims are or may be barred on the ground that one or more persons other than Rural King, its agents, servants or employees, negligently, intentionally or otherwise

wrongfully mishandled, misused, misapplied, abused or subjected to abnormal use, the product in question in this action, which mishandling, misuse, misapplication, abuse or abnormal use could not have been reasonably foreseen by Rural King, as the same may prove applicable as discovery proceeds and the evidence is developed in this case. Plaintiff's claims may also be barred by the failure to maintain, service, and/or repair the product in question in this action in accordance with the manufacturer's recommendations.

8. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that its duty with respect to any product which is the subject of this action is to act with due care, and/or to sell products which are reasonably safe for their intended use. To the extent that the Complaint alleges different standards of care or different duties, such allegations do not set forth a claim upon which relief may be granted under West Virginia law and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the same may prove applicable as discovery proceeds and the evidence is developed in this case. Rural King further asserts that Plaintiff is barred from substituting the elements and standards governing this cause of action with Plaintiff's own "reptile theory" of negligence, strict liability, or breach of warranty and/or Plaintiff's own "reptile" standards for judging Rural King's conduct.

9. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that Plaintiff's claims are or may be barred on the ground that any products sold by Rural King in this case were modified, altered or otherwise changed such that they were not in the same

or similar condition as when originally sold by Rural King, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

10. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that Plaintiff's claims are or may be barred on the ground that Plaintiff or other persons under his control and/or on his behalf, intentionally, recklessly, negligently and/or carelessly caused or contributed to the destruction, spoliation, loss or alteration of the product which is the subject of this action, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

11. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that the Complaint is or may be barred on the ground that the incident in question in this case was not caused by the negligence, fault, strict liability, breach of warranty or other liability on the part of Rural King, its agents, servants or employees, but by the independent, intervening and/or superseding negligence, fault, strict liability, breach of warranty or other liability of persons other than Rural King, its agents, servants or employees, over whom Rural King had no control, and for whom Rural King bears no responsibility, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

12. Rural King asserts the defense that it did not design, manufacture, re-manufacture, assemble, modify, alter, fabricate, package, ship, service, or distribute the subject product.

13. Rural King asserts the defense that it did not sell the subject product in a

defective condition.

14. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that any product which is the subject of this action was and is regulated by various acts, laws, standards, rules and regulations enacted, adopted or promulgated by the United States Government, such that the claims of Plaintiff are or may be preempted by federal law, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

15. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that the products and the component parts of any product sold by Rural King and which is the subject of this lawsuit conform to the general state of the art with respect to design, labeling and manufacturing and also comply with applicable government regulations and standards, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

16. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that Plaintiff is not entitled to the doctrine of *res ipsa loquitur*, or a malfunction theory, as Plaintiff has not demonstrated that he can establish the requirements of the doctrine that the alleged incident causing said injuries is the type that would not normally occur unless someone was negligent, that there is evidence connecting Rural King with the negligence, or that the injury was not attributable to any behavior by a party other than Rural King, as the same may prove applicable as discovery proceeds and the evidence is developed in

this case.

17. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, asserts the defense that Plaintiff has not suffered any injury or damages which are compensable at law, as the same my prove applicable as discovery proceeds and the evidence is developed in this case.

18. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in Plaintiff's Complaint, reserves unto itself the defense that Plaintiff's claims presented in the Complaint are or may be barred by Plaintiff's failure to mitigate damages, if any, in the manner and to the extent required by applicable law.

19. Rural King reserves unto itself the right to have the negligence of all persons, whether they be parties or not, determined in a manner according to law, and further reserves a right to contribution and/or indemnity against any and all such parties and persons.

20. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the following defenses, as the same may prove applicable as discovery proceeds and the evidence is developed in this case: release, accord and satisfaction, estoppel, waiver, and failure to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, and any defenses under Rule 8(c) or 12(b) of the Federal Rules of Civil Procedure, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

21. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that this Court

does not have has personal jurisdiction over Rural King with respect to the claims asserted in this action; as such the Complaint against Rural King should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

22. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves unto itself the defense that the Cobra Derringer described in Plaintiff's Complaint was reasonably safe in design and manufacture at all times relevant to the Complaint, as the same may prove applicable as discovery proceeds and the evidence is developed in this case.

23. Rural King states that W. Va. Code § 55-7-29 (2015) is applicable to Plaintiff's claims for punitive damages, and that Plaintiff cannot prove, by clear and convincing evidence, that Rural King acted with actual malice toward Plaintiff or Plaintiff's decedent or a conscious, reckless and outrageous indifference to the health, safety and welfare of others.

24. Rural King states that Plaintiff's claims for exemplary or punitive damages are or may be barred on the ground that award of such damages would deprive Rural King of its constitutional right to substantive and procedural due process of law and to equal protection under the law, which rights are guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and by the Constitution of the State of West Virginia. Rural King avers that it did not participate, engage or assist in any act or conduct which could form the basis for an award of punitive damages, and that such punitive damages are, therefore, not recoverable to any extent whatsoever against Rural King.

25. Rural King states that Plaintiff's request for punitive damages cannot be sustained because an award of punitive damages under state law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part on the basis of discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Rural King, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding the plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, or (6) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, violates Rural King's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and by the Constitution of the State of West Virginia, and would be improper under the common law, and public policies of the states.

26. Rural King states that Plaintiff's request for punitive damages cannot be sustained, because the applicable state laws regarding the standards for determining liability for and the amount punitive damages fail to give Rural King prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty

that may be imposed and are, therefore, void for vagueness in violation of Rural King's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of West Virginia.

27. Rural King specifically denies that Plaintiff is entitled to recover punitive damages. Completely absent from the Complaint is the correct standard (guideposts) for judging the constitutionality of any punitive damage award. *See BMW of North America, Inc. v Gore*, 517 U.S. 559 (1996); *Cooper industries, Inc. v Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001). Further, any anticipated reference and/or reliance by plaintiff to "financial circumstances and/or condition" of Rural King as part of the basis to impose punitive damages must be rejected as a basis to uphold any punitive damage award. *See State Farm Mutual Automobile Ins. Co. v Campbell*, 538 U.S. 408 (2003). Not only does "financial" information bear no relationship to the specific harm allegedly suffered by the plaintiff in this case, general financial information impermissibly invites the jury to assess punitive damages for conduct (both lawful and unlawful) outside the state of West Virginia. A state may not punish conduct outside its borders. The same constitutes both a violation on the interstate commerce clause as well as violating basic notions of federalism. Plaintiff's allegations in this regard should, accordingly, be stricken.

28. Rural King, not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserves all affirmative defenses stated under Rules 8 and 12 of the Federal Rules of Civil Procedure which may prove applicable whether or not specifically set out herein.

29. Rural King, not being fully advised of all the circumstances surrounding

the allegations set forth in the Complaint, reserves unto itself any additional defenses as may be revealed by discovery or investigation in this matter.

**WHEREFORE**, Defendant Rural King Holdings LLP d/b/a Rural King Holdings, LLP demands that Plaintiff's Complaint against it be dismissed with prejudice; that Plaintiff recover nothing from Rural King, that this Rural King be awarded its costs herein expended, including attorney fees and interest; and that this defendant be awarded such other further and general relief as the Court may deem proper.

**RURAL KING DEMANDS TRIAL BY JURY.**

### RURAL KING'S CROSS-CLAIM AGAINST
### COBRA ENTERPRISES OF UTAH, INC. D/B/A COBRA FIREARMS

Now comes the Defendant and Cross-Claimant, RK Holdings LLP d/b/a Rural King Holdings, LLP ("Rural King") by counsel, and pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, asserts the following for its cross-claim against co-Defendant Cobra Enterprises of Utah, Inc. d/b/a Cobra Firearms ("Cobra"):

1. The Plaintiff, Frank Kenneth Miller, Jr., filed his Complaint in the United States District Court for the Southern District of West Virginia, Charleston Division. The Complaint names Rural King and Cobra as Defendants, and alleges Defendants are liable for damages resulting from an inadvertent discharge of a Cobra Derringer handgun on June 25, 2017, which struck Plaintiff and caused Plaintiff to suffer multiple injuries. *See* Complaint, at ¶¶13–14. [Doc. 1].

2. Contemporaneous to this Cross-Claim, Rural King filed its Answer to the Complaint, asserting various denials and defenses.

3. Plaintiff's Complaint alleges that Cobra is liable for injuries and damages suffered by Plaintiff under theories of negligence, strict products liability, and breach of warranty.

4. Specifically, Plaintiff alleges that the design of the Cobra Derringer was defective and/or not reasonably safe because it allowed from the "hammer/firing pin to rest directly on the primer and result in inadvertent discharge upon foreseeable accident impact." Complaint at ¶11. Plaintiff further alleges that Defendant Cobra knew that its Derringer firearm was "susceptible to inadvertent discharge upon foreseeable accidental impact, yet it failed to provide any warning to its users of this hazard." *Id.* at ¶17. Plaintiff further alleges that Defendant Cobra breached its express and implied

17

warranties of fitness and merchantability and was negligent in the design and manufacture of the subject Cobra Derringer, and that Plaintiff's injuries were a direct and proximate result of Defendant Cobra's actions. *Id.* at ¶¶22, 25, 28, 31–32.

5. Rural King asserts that Plaintiff's alleged damages, if any, were the proximate result of the acts and/or omissions of Defendant Cobra.

6. In the event that Rural King is held responsible or liable for any or all of Plaintiff's damages, and/or losses, which responsibility and liability Rural King expressly denies, Rural King is entitled to contribution and to be indemnified and held harmless by Defendant Cobra from and against any and all claims, damages, or judgments that may be obtained by Plaintiff.

**WHEREFORE**, in the event that Rural King is determined to be liable to Plaintiff for the claims asserted in this action, Rural King demands that it receive judgment for contribution and/or indemnity over and against Defendants Cobra in an amount sufficient to compensate Rural King for its damages and that Rural King further be awarded attorney's fees and other such damages as this court may deem just and proper.

**RURAL KING REQUESTS A TRIAL BY JURY.**

                                                            **RURAL KING,**
                                                            **By Counsel**

/s/ Jason A. Proctor
William J. Hanna (WVSB #5518)
Jason A. Proctor (WV Bar #12291)
FLAHERTY SENSABAUGH BONASSO, PLLC
P.O. Box 3843
Charleston, West Virginia 25338-3843

Telephone: (304) 347-4277
Facsimile: (304) 345-0260
whanna@flahertylegal.com
jproctor@flahertylegal.com
*Counsel for Defendant Rural King Holdings LLP*
*d/b/a Rural King Holdings, LLP*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**FRANK KENNETH MILLER, JR.,**

    **Plaintiff,**

v.                                                                    Civil Action No: 2:18-cv-00269

**COBRA ENTERPRISES OF UTAH, INC.**
**d/b/a Cobra Firearms, a Utah corporation; and**
**RK HOLDINGS LLP d/b/a RURAL KING**
**HOLDINGS LLP, an Illinois limited**
**liability partnership authorized to do**
**business in the State of West Virginia**

    **Defendants.**

## CERTIFICATE OF SERVICE

I, Jason A. Proctor, do hereby certify that on the 5th day of April, 2018, I electronically filed the foregoing **Defendant RK Holdings LLP d/b/a Rural King Holdings, LLP's Answer to Plaintiff's Complaint** and **Rural King's Cross-Claim against Cobra Enterprises of Utah, Inc. d/b/a Cobra Firearms** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

L. Lee Javins, II
Taylor M. Norman
Bailey Javins & Carter LC
213 Hale Street
Charleston, WV 25301
Facsimile: (304) 345-0375
lajavins@bjc4u.com
tnorman@bjc4u.com

                           /s/ Jason A. Proctor
                           Jason A. Proctor (WVSB #12291)