IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANK KENNETH MILLER, JR.,

         Plaintiff,

v.                                                  CIVIL ACTION NO. 2:18-cv-00269

COBRA ENTERPRISES OF UTAH, INC., et al.,

         Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Cobra Enterprises of Utah, Inc.'s ("Cobra") Motion to Set Aside Default. (ECF No. 14.) For the reasons set forth below, the Court **GRANTS** the motion.

### I.    BACKGROUND

Plaintiff brings this products liability action against Defendants alleging that a Cobra Derringer firearm he purchased "inadvertently discharged, striking [him] in the left calf and upper left thigh and lower left abdomen." (ECF No. 1 at 4–5 ¶ 13.) He contends that the firearm "was defective from the time it was designed, manufactured, and marketed" until his injury. (*Id.* at 6 ¶¶ 16–17.) The Complaint, filed on February 6, 2018, alleges three causes of action premised on theories of strict product liability, breach of warranty, and negligence. (*Id.* at 5–9 ¶¶ 15–32.)

On March 21, 2018, Plaintiff filed a request for entry of default against Cobra and subsequently filed an affidavit in support of that request less than a week later. (ECF Nos. 9, 10.) In response to the request and affidavit, the Clerk of this Court entered default as to Cobra on

March 28, 2018, pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 11.) Cobra filed the current Motion to Set Aside Default on April 12, 2018. (ECF No. 14.) Plaintiff responded to the motion on April 26, 2018, (ECF No. 16), and Cobra filed its reply on May 2, 2018, (ECF No. 17). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a court may, "for good cause shown," set aside an entry of default. Rule 55(a) initially provides that when a party shows by affidavit that an opposing party has failed to plead or otherwise defend itself in litigation, the clerk of court must enter default against the defending party. Pursuant to Rule 55(c), however, district courts have the discretion to set aside an order of default for good cause. The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted); *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (providing that "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits").

"[R]elief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). Courts assess whether a party's action is "reasonably prompt" in light of the facts and circumstances, and "a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Id.* (citing *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 252 n.8 (4th Cir. 1974)). Beyond reasonable promptness and a meritorious

defense, courts also consider "the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006) (citations omitted).

### III. DISCUSSION

The Court first notes that "Plaintiff has no objection to this Court setting the entry of default aside . . . ." (ECF No. 16 at 2.) Nevertheless, the Court will briefly address the relevant factors to consider under Federal Rule of Civil Procedure 55(c).

#### A. *Meritorious Defense*

Under this factor, "the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001). Even if a defense is tenuous, this factor should weigh in favor of granting a motion to set aside the default. *See Rasmussen v. Am. Nat. Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994). This action as brought against Cobra alleges, in part, that Cobra defectively designed and manufactured the subject firearm. (ECF No. 1 at 9 ¶ 31.) While Cobra has not filed its answer to the Complaint's allegations, it asserts in the motion's supporting memorandum of law that "Plaintiff's claims are erroneous and that further examination by experts in firearms will reveal that the events Plaintiff complain[s] of do not result from a defect in manufacture." (ECF No. 15 at 7.) If Cobra proves the veracity of these initial claims, this Court or a jury may find in its favor. *Cf. Rasmussen*, 155 F.R.D. at 552 ("[A]lthough Defendant has neither presented nor proffered evidence supporting its defense . . . those denials, if believed by the finder of fact, would permit a verdict for the Defendant."). Thus, the Court finds that at this early stage in the litigation, Cobra has adequately

presented a meritorious defense that weighs in favor setting aside the default.

### B. Reasonable Promptness

In this case, the Clerk entered default against Cobra on March 28, 2018. (ECF No. 11.) While there is no specific date listed on the return receipt providing confirmation of the default's delivery to Cobra, that receipt was entered on the docket on April 9, 2018. (ECF No. 13.) Within the next three days, Cobra obtained counsel and filed the pending motion on April 12, 2018. (ECF No. 14.) As such, the Court finds that Cobra acted in a reasonably prompt manner upon receiving notice of the default's entry. *Cf. Moradi*, 473 F.2d at 728 ("It is beyond cavil that there was no delay here once the default was discovered. Instead, counsel immediately filed for relief.").

### C. Other Factors

In assessing the personal responsibility of the party, the Court notes that Cobra may be to blame for the entry of default as there is evidence that the company was served in March 2018 through its registered agent in Salt Lake City, Utah. (ECF Nos. 9, 10.) However, Cobra's counsel acted promptly upon entry of default against the company to move this Court to set the default aside and move forward to the merits of Plaintiff's case. *Cf. Rasmussen*, 155 F.R.D. at 551 ("Particular attention should be paid to whether the defaulting party or their counsel should bear responsibility for the delay. Courts should be more inclined toward relief in those cases in which the defaulting party is to blame." (quoting *Palmetto Fed. Sav. Bank of S.C. v. Indus. Valley Title Ins. Co.*, 756 F. Supp. 925, 929–30 (D.S.C. 1991))). There also is no evidence currently before the Court indicating a history of dilatory action by Cobra. Further, the Court is aware of no prejudice to Plaintiff that would result from setting aside default against Cobra. In fact, Plaintiff himself states that he does not object to setting aside the entry of default. (*See* ECF No.

16 at 2.) Finally, the Court agrees with Cobra that "[a] reminder that the rules are to be followed from this point forward" may be a more appropriate and lesser sanction than an entry of default. (*See* ECF No. 15 at 8.) While Cobra has come in this case later than anticipated, future deadlines will be explicitly set in this Court's forthcoming Order and Notice as well as the eventual Scheduling Order, and the Court expects all parties to meet them. Accordingly, these remaining factors similarly weigh in favor of setting aside the entry of default against Cobra.

### IV. CONCLUSION

For the foregoing reasons, the Court **FINDS** that good cause exists to set aside the entry of default and **GRANTS** Cobra's motion. (ECF No. 14.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 25, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE