IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANK KENNETH MILLER, JR.,

    Plaintiff,

v.                                 CIVIL ACTION NO. 2:18-cv-00269
                                  (Judge: Johnston)

COBRA ENTERPRISES OF
UTAH, INC. d/b/a Cobra Firearms,
a Utah corporation; and RK HOLDINGS
LLP d/b/a RURAL KING HOLDINGS,
LLP, an Illinois limited liability
partnership authorized to do business
in the State of West Virginia,

    Defendants.

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT COBRA ENTERPRISES OF UTAH, INC.**

Plaintiff, by counsel, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and this Court's May 3, 2019 entry of default against Defendant Cobra Enterprises of Utah, Inc. d/b/a Cobra Firearms ("Cobra"), moves for an entry of default judgment against the Defendant Cobra.[1]

In support of his request, Plaintiff states as follows:

**PROCEDURAL HISTORY**

On February 6, 2018, Plaintiff filed the instant action alleging product liability claims for strict liability, negligence, and breach of warranty arising from the injuries Plaintiff sustained from an accidental gunshot wound as a proximate result of a defective Cobra Derringer firearm. (ECF No. 1). Under West Virginia law, Plaintiff's injuries are thus separated into economic damages, which can be computed into a sum certain by a mathematical calculation, and non-

---

[1] Upon information and belief, Defendant Cobra is not a minor, incompetent or currently confined in the penitentiary of any state.

1

economic damages, which cannot be computed by a mathematical calculation, and which require a jury, or in the case of a default judgment, require a judge to determine the total amount of damage.[2] *See United States v. Moradi*, 673 F.2d 725 (4th Cir. 1982) (holding trial judges are vested with discretion under Rule 55 to authorize entry of default judgment and may exercise that discretion liberally).

On January 9, 2019, counsel for Defendant Cobra filed a Motion to Withdraw as counsel. (ECF No. 41). On February 20, 2019, this Court granted counsel for Defendant Cobra's Motion to Withdraw and directed Cobra to retain replacement counsel who shall file an entry of appearance within 30 days, as "a corporation is not permitted to proceed *pro se* in federal court." *See MR Crescent City, LLC v. TJ Biscayne Holdings LLC*, 515 F. App'x 198 (4th Cir. 2013) (per curiam) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993)). (ECF No. 52).

On April 9, 2019, after failing to receive a notice of appearance for counsel on behalf of Cobra, this Court entered an Order directing Cobra to retain replacement counsel within 14 days, "or default judgment will be entered against Cobra pursuant to Rule 55(a) of the Federal Rules of Civil Procedure." (ECF No. 54).

On May 6, 2019, the Clerk of Court made entry of default against Defendant Cobra for "failure to comply with the directives in the April 9, 2019 Order (ECF No. 54) by Judge Johnston and pursuant to the provisions of Rule 55(a) of the Federal Rules of Civil Procedure."

---

[2] *See* W. Va. P.J.I. § 800 (citing *Jordan v. Bero*, 210 S.E.2d 16 (W.Va. 1974); *Flannery v. United States of America*, 297 S.E.2d 433 (W.Va. 1982); *Jarrett v. E.L. Harper & Son*, 235 S.E.2d 362 (W.Va. 1977) ("Economic damages" is the term used to describe losses for medical expenses, past and future, and care needs, past and future. "Noneconomic damages" is the term used to describe harms for the agony of physical pain, mental suffering, emotional distress, physical impairment, disfigurement, living life with a disability, inconvenience, loss of consortium, the inability to enjoy life, both in the past and the future. Together, economic damages and noneconomic damages, may also be referred to as "compensatory damages", meaning money to compensate plaintiff for the harms and losses he has suffered and the amount required to make him whole again. Compensatory damages are not limited to actual loss of time or money, they cover both mental and physical aspects of an injury, tangible or intangible.).

(ECF No. 56). The Clerk of Court's Entry of Default further stated that "[i]t is ADJUDGED that the Defendant, Cobra Enterprises of Utah, Inc., is in default *and that the plaintiff shall have and recover of the said defendant as the plaintiff shall provide to the Court.*" (ECF No. 56) (emphasis added).

## ARGUMENT

A. **Entry of Default Judgment by the Clerk of Court is Proper As it Relates to Plaintiff's Economic Damages Pursuant to Rule 55(b)(1).**

Seeing that the Court of Clerk has made entry of default against Defendant Cobra under Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff requests that the Court of Clerk now enter a default judgment against Defendant Cobra as it relates to Plaintiff's economic damages, pursuant to Rule 55(b)(1). *See Ramada Franchise Sys. v. Baroda Enters.*, LLC, 220 F.R.D. 303, 304 (N.D. Ohio 2004) (Entry of default under Fed. R. Civ. P. 55(a) is prerequisite to default judgment under Fed. R. Civ. P. 55(b) and, thus, default judgment cannot be granted until default is entered by clerk). Rule 55(b)(1) permits the Court of Clerk to enter a default judgment against a defendant as follows:

> "*[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk*—on the plaintiff's request, with an affidavit showing the amount due—*must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.*"

Fed. R. Civ. Proc. 55(b)(1) (emphasis added).

Pursuant to Rule 55(b)(1), Plaintiff's claim for economic damages has been made certain by computation, and as such, Plaintiff respectfully requests the Clerk of Court enter a default judgment for the amount of **$839,155.29** as it relates to the economic damages Plaintiff has sustained as a direct and proximate result of the events giving rise to this cause of action. Specifically, the economic report prepared by Dr. Laura Savory Miller, CFA, CVA, reduces

3

Plaintiff's Life Care Plan, prepared by Richard G. Bowman, M.D., DABPMR, DABPM, FIPP, CEDIR, CLCP, to present value, which totals $704,399. *See Economic Report*, attached as *Exhibit A, Life Care* Plan, attached as *Exhibit B*. Furthermore, Plaintiff's medical bills relating to medical treatment endured as a proximate result from the events giving rise to this cause of action, at this present time, total $134,756.29. *See Affidavit of Frank Kenneth Miller and Medical Bills attached thereto*, attached as *Exhibit C; see* W. Va. Code § 57-5-4J ("Proof that medical, hospital and doctor bills were paid or incurred because of any illness, disease or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable."); *see also* Fed. R. Evid. 803(6), 902(11) (medical records are records of regularly conducted activity that are certified and self-authenticating). Accordingly, Plaintiff is able to compute his economic damages pursuant to Rule 55(b)(1), and Plaintiff respectfully requests that the Clerk of Court enter a default judgment in this amount of **$839,155.29** as it relates Plaintiff's economic damages.

B.   **It is Appropriate to Set a Hearing Pursuant to Rule 55(b)(2) to Determine the Total Amount of Plaintiff's Non-Economic Damages Which Cannot Be Computed into a Sum Certain.**

Under West Virginia law, in addition to the economic damages stated herein, Plaintiff is entitled to recover non-economic damages such as scarring, disfigurement, mental anguish, emotional distress, pain and suffering, and annoyance and inconvenience. However, these non-economic damages cannot be reduced to a sum certain by way of mathematical calculation for the purposes of a default judgment under Rule 55(b)(1). Because these damages cannot be reduced to a sum certain, Rule 55(b)(2) provides an avenue for a default judgment whereby the Court may set a hearing and use its discretion in determining the total amount Plaintiff is entitled to recover for the non-economic damages he has sustained.

On the date of the event giving rise to this cause of action, a bullet from the defective Cobra Derringer firearm inadvertently discharged and struck Plaintiff in the left calf. The bullet then went through Plaintiff's left thigh and lower left abdomen. As a result, Plaintiff sustained severe injuries, which have caused Plaintiff to endure severe and permanent scarring on his legs, thigh, and stomach, disfigurement, mental anguish, emotional distress, severe pain and suffering, difficulty sleeping, difficulty walking, inability to enjoy hobbies such as hunting and fishing, the feeling of constant insolation, frustration, and annoyance and inconvenience. Plaintiff is entitled to recover these non-economic damages under West Virginia law, but such damages simply cannot be reduced into a sum certain by a mathematical calculation for the purposes of a default judgment under Rule 55(b)(1). In order to recover these non-economic damages which Plaintiff is entitled to, Plaintiff respectfully requests that this Court enter a default judgment against defendant Cobra and set a hearing pursuant to Rule 55(b)(2) to determine only the amount of non-economic damages Plaintiff is entitled to recover.

**C.     If the Court Finds That Plaintiff's Sum Certain Computation of Economic Damages Fails to Satisfy Rule 55(b)(1), Plaintiff Requests a Hearing be Set Pursuant to Rule 55(b)(2) to Determine the Total Amount of Economic and Non-Economic Damages Plaintiff is Entitled to.**

In the event the Court determines the Plaintiff's sum certain computation of economic damages does not satisfy the requirements of Rule 55(b)(1), Plaintiff alternatively requests that the Court enter a default judgment and set a hearing to determine the total amount of both the economic and non-economic damages Plaintiff has suffered as a proximate result of the events giving rise to this cause of action.

## CONCLUSION

For the reasons set forth herein Plaintiff respectfully requests that the Clerk of Court enter a default judgment against defendant Cobra **for $839,155.29** as it relates to the economic

damages Plaintiff has sustained, and for the Court to enter a default judgment set a hearing to determine the amount of non-economic damages Plaintiff has sustained that are not subject to computation. Alternatively, if the Court is not satisfied with Plaintiff's sum certain computation of economic damages so as to satisfy Rule 55(b)(1), Plaintiff requests that the Court set a hearing pursuant to Rule 55(b)(2) to determine the total amount of economic and non-economic damages Plaintiff is entitled to receive.

FRANK KENNETH MILLER, JR.
By Counsel

/s/ Taylor M. Norman
L. Lee Javins (WVSB No. 6613)
Taylor M. Norman (WVSB No. 13026)
Bailey Javins & Carter LC
213 Hale Street
Charleston, WV 25301
Telephone: (304) 345-0346
Facsimile: (304) 345-0375
ljavins@bjc4u.com
tnorman@bjc4u.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANK KENNETH MILLER, JR.,

    Plaintiff,

v.                                CIVIL ACTION NO. 2:18-cv-00269
                                  (Judge: Johnston)

COBRA ENTERPRISES OF
UTAH, INC. d/b/a Cobra Firearms,
a Utah corporation; and RK HOLDINGS
LLP d/b/a RURAL KING HOLDINGS,
LLP, an Illinois limited liability
partnership authorized to do business
in the State of West Virginia,

    Defendants.

**CERTIFICATE OF SERVICE**

I, Taylor M. Norman, counsel for Plaintiff, hereby certify that on the **10th** day of **May, 2019**, I electronically filed PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT COBRA ENTERPRISES OF UTAH, INC. with the Clerk of the Court using the CM/ECF System, which will send notification to counsel of record.

                                         /s/ Taylor M. Norman
                                         L. Lee Javins (WVSB No. 6613)
                                         Taylor M. Norman (WVSB No. 13026)
                                         Bailey Javins & Carter LC
                                         213 Hale Street
                                         Charleston, WV 25301
                                         Telephone: (304) 345-0346
                                         Facsimile: (304) 345-0375
                                         ljavins@bjc4u.com
                                         tnorman@bjc4u.com