IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FRANK KENNETH MILLER, JR.,

    Plaintiff,

v.

BEARMAN INDUSTRIES, LLC,

    Defendant.

CIVIL ACTION NO. 2:18-cv-00269
Judge: Johnston

**THIRD AMENDED COMPLAINT**

For his Complaint against Defendant Bearman Industries, LLC, Plaintiff alleges and states as follows:

**PARTIES**

1.    Plaintiff, Frank Kenneth Miller, Jr., is a citizen and resident of Boone County, West Virginia.

2.    Defendant Bearman Industries, LLC ("Bearman") is a Utah limited liability company with its principal place of business located at 1960 S Milestone Drive, Suite F, Salt Lake City, Utah 84104, and with the sole member being Jared Yeates, a resident of Utah. Bearman registered as a limited liability company with the State of Utah on July 11, 2018. Bearman is in the business of manufacturing, re-manufacturing, modifying and/or altering, fabricating, designing, packaging, shipping, selling, servicing, and/or distributing firearms in the State of West Virginia, including but not limited to a .38 Cal Derringer firearm.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and involves citizens of different states.

4. Defendant availed itself to the jurisdiction of this Court pursuant to W. Va. Code § 56-3-33, by doing, personally and through their agents, the following acts:

    a. Transacting business in the State of West Virginia;

    b. Contracting to supply products in the State of West Virginia; and,

    c. Causing injuries to persons in West Virginia, including Plaintiff;

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1931(a) in that a substantial portion of the events giving rise to the claims herein took place within the Southern District of West Virginia.

**FACTS**

6. On a date prior to the event giving rise to this cause of action, Davis Industries, owned by Jimmy L. Davis, manufactured small firearms known as "Derringers," marketed for personal protection. Over the following years, several owners and/or bystanders sustained personal injuries when the Derringers fired unexpectedly when dropped or mishandled. As a result of the numerous inadvertent discharges, Davis Industries defended a number of personal injury lawsuits arising out of their failure to include safety devices and negligent marketing of the Derringer firearm.

7. On May 27, 1999, Davis Industries filed for bankruptcy and ceased operations in and about 2001. In July of 2001, in an effort to continue selling Derringer firearms and to avoid

satisfying various judgments issued upon Davis Industries from product liability actions, Mr. Davis created Cobra Enterprises of Utah, Inc., and incurred the transfer of Davis Industries' assets and equipment used to manufacture the Derringer firearm. Thereafter, Davis Industries had no bankruptcy assets to satisfy outstanding judgments, leaving several injured creditor plaintiffs without recourse. Mr. Davis continued selling defective Derringers under the Cobra name free of prior liabilities against Davis Industries.

8. Sometime after 2001, Mr. Davis sold Cobra to Wilford P. Gentry. Over the next several years, Cobra continued to manufacture defective Derringer firearms, resulting in numerous injuries and lawsuits brought against Cobra throughout the country.

9. In January of 2018, Mr. Gentry sold Cobra and the rights to the Cobra Derringer firearm design to Jared Yeates.

10. On February 6, 2018, Plaintiff filed his Complaint in this action against Cobra, alleging that a Cobra Derringer firearm he purchased "inadvertently discharged, striking [him] in the left calf and upper left thigh and lower left abdomen." Plaintiff contended that the firearm "was defective from the time it was designed, manufactured, marketed" until his injury. (ECF No. 1, ¶ 17.) Based on these facts, Plaintiff alleged three causes of action premised on theories of strict liability, breach of warranty, and negligence. (*Id.*)

11. On July 11, 2018, Mr. Yeates, after having assessed Cobra's liabilities and likelihood of eventual insolvency, created Bearman and incurred the transfer of Cobra's assets, including the equipment used to manufacture the Derringer firearm, similar to the earlier transaction between Davis Industries and Cobra. The creation of Bearman was unbeknownst to Plaintiff.

12. Following the creation of Bearman, Cobra began refusing to respond to this Court's Orders and Plaintiff's discovery requests. As a result, Plaintiff filed a Motion to Compel Discovery Responses on October 12, 2018. (ECF No. 36.)

13. On January 9, 2019, Cobra's counsel filed a motion to withdraw from the case. (ECF No. 41.)

14. On February 20, 2019, the Court granted the motion to withdraw. (ECF No. 52.) The Court advised Cobra that a limited liability company can only proceed in litigation through counsel and directed Cobra to obtain new counsel within thirty days of the entry of that order. (*Id.*) *See MR Crescent City, LLC v. TJ Biscayne Holdings LLC*, 515 F. App'x 198 (4th Cir. 2013) (per curiam) (*citing Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993)).

15. On April 9, 2019, the Court entered another order directing Cobra to obtain counsel by April 23, 2019. (ECF No. 54.) The Court also warned Cobra that a failure to comply with the order could result in an entry of default. (*Id.*) The April 9, 2019 deadline came and went without new counsel filing a notice of appearance on behalf of Cobra and without Cobra otherwise contacting the Court.

16. On May 1, 2019, Plaintiff requested entry of default against Cobra due to its failure to comply with this Court's orders and "otherwise defend" against Plaintiff's claims. (ECF No. 55.) On May 6, 2019, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against Cobra, which certified mail records reflect was received by Cobra. (ECF Nos. 56, 58.)

17. On May 10, 2019, after the Clerk entered a default against Cobra, Plaintiff filed a Motion for Entry of Default Judgment in accordance with Rule 55(b)(2). On July 11, 2019, the Court granted Plaintiff's motion for default judgment as to Plaintiff's claims for strict product

liability, breach of warranty, and negligence against Cobra, however, entry of default judgment was deferred until the adjudication of Plaintiff's claims against the seller of the firearm, Rural King, was complete (ECF No. 66.)

18. On December 9, 2019, with the claims against Rural King complete, the Court ordered a hearing to be held on December 19, 2019 on Plaintiff's Motion for Default Judgment, and requested that Plaintiff file affidavits in support of his request for non-economic damages. (ECF No. 74.) On December 19, 2019, the Plaintiff, by counsel, appeared for the hearing upon Plaintiff's Motion for Entry of Default Judgment against Cobra for an inquiry on damages.

19. On January 24, 2020, after having reviewed the evidence submitted by Plaintiff, the Court entered a *Judgment Order* against Defendant Cobra Enterprises of Utah, Inc. for a total of $2,000,000.00, with interest thereon as allowable under West Virginia law. (ECF Nos. 80-81).

20. The day on which Plaintiff was entitled to begin executing the judgment—February 24, 2020—Cobra filed for bankruptcy. Shortly after Cobra filed bankruptcy, Plaintiff discovered that Cobra did not maintain the assets necessary to satisfy this Court's January 24, 2020 judgment.

21. On May 7, 2020, at Cobra's section 341 meeting of creditors, Mr. Yeates disclosed Bearman's existence to Plaintiff for the first time, and informed Plaintiff that Bearman incurred the transfer of Cobra's assets and rights to the defective Derringer firearm design. (*See Section 341 Meeting Transcript*, 01.25:26 – 01:37:10, attached as *Exhibit* A).

22. Bearman, by and through its owner, Mr. Yeates, intentionally hindered, delayed, and/or defrauded Plaintiff in the execution of this Court's January 24, 2020 judgment by incurring a transfer of assets from Cobra needed to satisfy the judgment. Bearman incurred the transfer of Cobra's assets with full knowledge of Cobra's inevitable insolvency, ongoing

litigation with Plaintiff, and the likelihood of Plaintiff's success in the pursuit of his claims, in violation of W. Va. Code § 40-1A-4.

## COUNT I
### VIOLATION OF WEST VIRGINIA CODE § 40-1A-4
### TRANSFERS FRAUDULENT AS TO PRESENT AND FUTURE CREDITORS

23. Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

24. Sometime after July 2018, Bearman purchased assets—specifically, rights to manufacture the Derringer firearms (the "assets")—from Cobra. The sale of this valuable asset took place for the amount of ten dollars ($10.00).

25. At the time of the transaction, Cobra was owned by Mr. Yeates.

26. At the time of the transaction, Bearman's sole member was Mr. Yeates.

27. Bearman incurred the transfer of assets from Cobra—a separate and distinct entity—for the with the actual intent to hinder, delay and/or defraud Plaintiff and/or other creditors pursuant to W. Va. Code § 40-1A-4(a)(1), insofar as:

    a. The transfer was to an insider, insofar as it was between a company Mr. Yeates owned and a company with Mr. Yeates as its only member, pursuant to W. Va. Code § 40-1A-1(h);

    b. The transfer of the assets was not disclosed to Plaintiff until after this Court's January 24, 2020 *Judgment Order* was entered;

    c. Before Bearman incurred the transfer of assets, Cobra had been sued or threatened with suit;

    d. Bearman incurred substantially all of Cobra's assets, insofar as the assets transferred were the only assets of value between the two companies, per Mr. Yeates himself;

    e. Cobra became insolvent shortly after the transfer was made, ultimately filing bankruptcy on February 24, 2020; and,

6

        f.        The transfer occurred shortly before a substantial debt—in this case, a $2,000,000.00 judgment—was incurred.

*See* W. Va. Code § 40-1A-4(b).

28.        Furthermore, Bearman incurred the transfer of the assets without transferring reasonably equivalent value in exchange—insofar as Cobra transferred the manufacturing rights for the Derringer guns to Bearman for the sum of $10.00—when it believed or reasonably should have believed that it was going to incur debt beyond its ability to pay. As such, the transfer was fraudulent pursuant to W. Va. Code § 40-1A-4(a)(2).

29.        Accordingly, pursuant to W. Va. Code § 40-1A-7, Plaintiff is entitled to execute the Court's January 24, 2020 *Judgment Order* against Bearman. *See* W. Va. Code § 40-1A-7(a)(2) ( "attachment or other provisional remedy against the asset transferred or other property of the transferee"); W. Va. Code § 40-1A-7(a)(3)(ii) (entitling Plaintiff to appointment "of a receiver to take charge of the asset transferred or of other property of the transferee" to prevent further transfer of the assets and to ensure satisfaction of the judgment.).

30.        **WHEREFORE**, Plaintiff demands judgment against Defendant as follows: (1) attaching the assets incurred by Bearman pursuant to W. Va. Code § 40-1A-7(a)(2); (2) awarding exemplary damages against Bearman in an amount sufficient to deter Bearman from engaging in similar future conduct pursuant to W. Va. Code § 40-1A-7(a)(3)(iii); (3) appointing a receiver to take charge of the property incurred by Bearman for the purpose of valuing the same and satisfying the judgment; (4) levying execution on the assets incurred by Bearman, or any proceeds therefrom, in an amount equivalent to the January 24, 2020 *Judgment Order* plus pre-judgment and post-judgment interest at the legal rate; and, (5) issuing an injunction against Bearman prohibiting any future disposition of assets outside the ordinary course of business, pending satisfaction of the January 24, 2020 *Judgment Order*.

## COUNT II
## NEGLIGENCE

31. Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

32. In the course of engaging in business transactions, Bearman and agents acting on its behalf as a duty to act as a reasonably prudent business would under the same or similar circumstances. Among these duties would include Bearman's or its agents' duty to conduct due diligence and evaluate the existing and potential liens and/or judgments on assets to be purchased.

33. Bearman negligently breached this duty by failing to conduct due diligence, at which point it would have known or reasonably should have known that the assets it was purchasing were the subject of multiple lawsuits, including the lawsuit filed by Plaintiff, and the judgment entered by this Court on January 24, 2020. (*See* ECF 80–81).

34. As a direct and proximate result of Bearman's negligence, Plaintiff was denied the ability to execute on the January 24, 2020 judgment order in the amount of $2,000,000.00 judgment against Cobra because Bearman acquired those assets.

35. **WHEREFORE**, Plaintiff demands compensatory damages as a result of Defendant's negligence, as well as any other relief the Court deems appropriate, including but not limited to pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows: (1) attaching the assets incurred by Bearman pursuant to W. Va. Code § 40-1A-7(a)(2); (2) awarding

exemplary damages against Bearman in an amount sufficient to deter Bearman from engaging in similar future conduct pursuant to W. Va. Code § 40-1A-7(a)(3)(iii); (3) appointing a receiver to take charge of the property incurred by Bearman for the purpose of valuing the same and satisfying the judgment; (4) levying execution on the assets incurred by Bearman, or any proceeds therefrom, in an amount equivalent to the January 24, 2020 *Judgment Order* plus pre-judgment and post-judgment interest at the legal rate; (5) issuing an injunction against Bearman prohibiting any future disposition of assets outside the ordinary course of business, pending satisfaction of the January 24, 2020 *Judgment Order*; (6) for compensatory damages as a result of Defendant's negligence; and, (7) any other relief the Court deems appropriate, including but not limited to post-judgment interest, fees and costs.

**A JURY TRIAL IS DEMANDED.**

FRANK KENNETH MILLER, JR.
By Counsel

_____/s/ Taylor M. Norman_____
L. Lee Javins II (WVSB No. 6613)
Taylor M. Norman (WVSB No. 13026)
David A. Bosak (WVSB No. 11947)
BAILEY JAVINS & CARTER LC
213 Hale Street
Charleston, West Virginia 25301
Telephone: (304) 345-0346
Facsimile: (304) 345-0375
ljavins@bjc4u.com
tnorman@bjc4u.com
dbosak@bjc4u.com

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

FRANK KENNETH MILLER, JR.,

    Plaintiff,

v.                                                      CIVIL ACTION NO. 2:18-cv-00269
                                                            Judge: Johnston

COBRA ENTERPRISES OF
UTAH, INC. d/b/a Cobra Firearms,
a Utah corporation; RK HOLDINGS LLP
d/b/a RURAL KING HOLDINGS, LLP,
an Illinois limited liability partnership
authorized to do business in the
State of West Virginia,

    Defendant.

**CERTIFICATE OF SERVICE**

    I, Taylor M. Norman, counsel for Plaintiff, hereby certify that on the 8th day of September, 2020, I electronically filed the foregoing Third Amended Complaint with the Clerk of the Court using the CM/ECF System, which will send notification to counsel of record.

    A true copy has been furnished by Federal Express to the following:

        Bearman Industries
        1960 S Milestone Drive
        Salt Lake City, UT  84104

        Bearman Industries
        c/o Yeates Law, PLLC (Registered Agent)
        263 N. 3050 S.
        Layton, UT  84041

        Bearman Industries
        c/o Yeates Law, PLLC (Registered Agent)
        920 Heritage Park Blvd.
        Layton, UT  84041

                                        /s/ Taylor M. Norman
                                Taylor M. Norman (WV State Bar No. 13026)