IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANK KENNETH MILLER, JR.,

        Plaintiff,

v.                              CIVIL ACTION NO. 2:18-cv-00269

BEARMAN INDUSTRIES, LLC,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Bearman Industries LLC's ("Bearman") Motion to Set Aside Entry of Default. (ECF No. 103.) For the reasons discussed below, the motion is **GRANTED**.[1]

*I. BACKGROUND*

Plaintiff instituted this products liability action against Cobra Enterprises of Utah, Inc. ("Cobra") on February 6, 2018. (ECF No. 1.) On July 11, 2019, this Court granted Default Judgment for Plaintiff's claims against Cobra, (ECF No. 66), and, on January 24, 2020, entered a Judgment Order against Cobra, (ECF No. 80-81). On September 3, 2020, this Court entered an order granting Plaintiff's Motion to Reopen this Case and file a Third Amended Complaint to add a claim against Bearman. (ECF No. 86.) The Third Amended Complaint alleges that, on July 11,

---

[1] Also pending before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 100.) Because Bearman's Motion to Set Aside Entry of Default is granted, Plaintiff's Motion for Default Judgment, (ECF No. 100), is **DENIED AS MOOT**.

1

2018, Mr. Jared Yeates—the owner of Cobra—created Bearman and "incur[ed] a transfer of assets from Cobra needed to satisfy the [January 24, 2020] judgment" in anticipation of Cobra's bankruptcy, which was filed on February 24, 2020. (*See* ECF No. 87 at ¶ ¶ 11, 20.)

On February 19, 2021, Plaintiff filed a request for entry of default against Bearman. (ECF No. 95.) On March 2, 2021, the Clerk of this Court entered default against Bearman pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 99). Bearman filed the present Motion to Set Aside Entry of Default on April 10, 2021. (ECF No. 103.) Plaintiff timely responded, (ECF No. 105), and Bearman timely replied, (ECF No. 106.) As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

District courts have the discretion to set aside an order of default for good cause. Fed. R. Civ. P. 55(c). Additionally, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted); *see also Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (providing that "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits").

In deciding a motion to set aside default, a district court should consider the following factors: (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory

action; and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

### III. ANALYSIS

In evaluating Bearman's motion, the Court addresses the relevant *Payne* factors in turn, noting that no one factor is dispositive. *See Colleton Prep. Acad., Inc.*, 616 F.3d at 420.

A. *Meritorious Defense*

"[A] 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). In this case, Bearman has set forth at least one meritorious defense—lack of personal jurisdiction. (*See* ECF No. 103 at 5.) Attached to its Motion, Bearman proffered an affidavit from Jared Yeates, who swore that Bearman has no ties to West Virginia. (*See* ECF No. 103-1 at 1, ¶¶ 3-8.) Bearman also argues that it was not served according to the West Virginia long-arm statute, W. Va. Code § 56-3-33.[2] (ECF No. 106 at 4; ECF No. 103-1 at 1, ¶ 9.) If believed, this Court could find that it lacks personal jurisdiction over Bearman. Without expressing any opinion as to the likelihood of success, the Court finds Bearman has submitted evidence indicating it has a meritorious defense.

Thus, this factor weighs in favor of setting aside default.

B. *Reasonable Promptness*

"[W]hether a party has taken 'reasonably prompt' action must be gauged in light of the facts and circumstances[.]" *Moradi*, 673 F.2d at 727. Here, Bearman argues that it acted with reasonable promptness considering it "discovered the existence" of this suit and entry of default

---

[2] The Court also notes that, although not referenced by the parties, W. Va. Code § 31D-15-1501 similarly confers personal jurisdiction over a foreign corporation for certain acts.

3

on March 9, 2021—one week after default was entered on March 2, 2021. (ECF No. 103 at 7.) Bearman then recounts that counsel was retained on April 5, 2021, and the present motion was filed on April 10, 2021. (*Id.*) Thus, although Bearman reasons that whether service of process was sufficient "is not the Court's primary inquiry" for this motion, (*id.* at 1), it affects the Court's analysis because Bearman uses the substance of this defense. As such, the Court will determine whether service was sufficient as a threshold issue.[3]

Plaintiff claims that Bearman's authorized agent was served via certified mail on September 9, 2020. (ECF No. 105 at 7, ¶17.) The Federal Rules of Civil Procedure allow service upon a corporation in accordance with the applicable law in the state where service is made. *See* Fed. R. Civ. P. (4)(h) (incorporating, in part, Rule 4(e)(1) for service on individuals). Utah—the state where service was made—allows a service upon an LLC by mailing the summons and complaint to an authorized agent, provided the agent signs indicating receipt. *See* Utah R. Civ. P. 4(d)(2)(B). The docket shows that Yeates Law PLLC is listed as Bearman's registered agent for service of process. (ECF No. 105-4.) The docket also shows that a copy of the summons and complaint was sent via certified mail to the address on file for Yeates Law PLLC, (ECF Nos. 105-4, 105-5). Bearman acknowledges that Mr. Josh Yeates is Bearman's general counsel, (ECF No. 103 at 1), and the docket shows that the certified mail was purportedly signed by "Y.eates" [sic].[4] (*See* ECF No. 105-5.) Accordingly, Plaintiff's service of process was sufficient.

---

[3] The Court notes that sufficient service of process and personal jurisdiction are separate issues. *See* 4 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1061 (4th ed. 2021) ("[A]lthough valid service under Rule 4 provides appropriate notice to persons against whom claims are made, it does not ensure that the defendant is also within the *in personam* jurisdiction power of the district court"); *Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 715 n. 6 (1982) (Powell, J., concurring) ("Rule 4 deals expressly only with service of process, not with the underlying jurisdictional prerequisites."). As the advisory committee notes to the 1993 Amendments explained, "effective service under this rule does not assure that personal jurisdiction has been established over the defendant served."

[4] Bearman disputes that Josh Yeates signed for the certified mail, (*see* ECF No. 103 at 1; ECF No. 106 at 9), but it is

Even though Bearman filed the present motion approximately a month after default was entered, it acknowledges that the certified mail was delivered "months earlier." (ECF No. 103 at 1.) Further, it is unclear why Jared Yeates did not receive the mail for almost seven months. Bearman only offers that the certified mail was delivered to a location that did not "normally receive business mail for the company," (*id.*), which is unpersuasive considering it was delivered to the address specifically listed for service of process. Given these facts and circumstances, the Court cannot find that Bearman acted with reasonable promptness.[5] *Cf. Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) ("The unexplained disappearance of the summons and complaint from [defendant's] mail room does not constitute grounds for relief[.]").

Thus, this factor weighs against setting aside default.

C. *Personal Responsibility of the Defaulting Party*

"[T]he Fourth Circuit has recognized that attorney inaction—without some sort of attendant fault of the defendant, personally—leads to a finding of no personal responsibility of the defaulting party." *Pearson v. Giles Industr., Inc.*, No. 3:13-19629, 2013 WL 6048714, at *2 (S.D. W. Va. Nov. 13, 2013) (citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir.1987)).

---

a well-established principle of law that "[a] letter properly addressed, stamped and mailed is presumed to have been duly delivered to the addressee . . . especially [] when the delivery is by certified mail." *Fed. Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1137 n.6 (4th Cir. 1984) (quoting C. McCormick, McCormick's Handbook of the Law of Evidence § 343 (8th ed.)). Although this presumption may be rebutted by clear and convincing evidence, Bearman's mere denials do not suffice. *See id.* at 1137-38 (finding denials in affidavits submitted to the court insufficient).
[5] *Park Corp.* dealt with a Rule 60 motion, but the reasoning of that decision is instructive. As the Fourth Circuit explained:

> Because [Defendant] could give no reason for the loss of the complaint, the district court could not determine whether it had an acceptable excuse for lapsing into default. In the absence of any acceptable excuse for [Defendant]'s default, the district court did not abuse its discretion . . . . Indeed, to hold otherwise would be to allow defaulting defendants to escape the consequences of their inaction simply by asserting that the legal process to which they failed to respond was lost.

*Park Corp.*, 812 F.2d at 897.

As discussed above, Bearman's authorized agent was served on September 9, 2020. Thereafter, Bearman did not respond, reasoning that Josh Yeates did not give the mail to Jared Yeates until March 9, 2021. (*See* ECF No. 106 at 9.) Although this factor seems to indicate personal responsibility for the same reasons discussed in determining "reasonable promptness," the Fourth Circuit has questioned a similar finding. *See Colleton*, 616 F.3d at 419-20 (noting that the district court "attributed the actions of a corporation's non-attorney agents directly to the corporation" even though the "registered agent for service of process was clearly at fault"). Still, the Court never examined "whether and under what circumstances an agent's mishandling of process should be charged to a defendant." *Id.* at 20.

As such, this factor is neutral at best.

D. *Additional Factors*

As to prejudice to the opposing party, Plaintiff argues he "has been prejudiced in his ability to pursue his claims" and "setting aside default to begin litigation anew would be an injustice[.]" (ECF No. 105 at 13.) However, a delay in and of itself does not constitute prejudice to the opposing party, *Colleton*, 616 F.3d at 418, and Plaintiff did not alleged prejudice in his ability to complete discovery, proceed with trial, or present evidence, s*ee Lolatchy*, 816 F.2d at 952–53.

Further, there is no history of dilatory actions by Bearman because a failure to timely answer the summons and complaint alone does not establish a history of dilatory action, *see Morgan v. Wells Fargo Bank, N.A.*, 2017 WL 11285493, at *4 (D.S.C. Jan. 11, 2017), even if the failure to respond continues for "a few months," *see Lolatchy*, 816 F.2d at 953 (discussing a ten-month delay). The Court recognizes the nexus between Jared Yeates, Cobra, and Bearman; legally, however, they are three distinct entities. *See Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*,

6

140 S. Ct. 2082, 2087 (2020) ("[S]eparately incorporated organizations are separate legal units"); *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003) (explaining that a corporation and the natural persons who own or operate it are distinct entities).

Thus, these factors weigh in favor of setting aside default.

Therefore, while Bearman did not act with "reasonable promptness," the *Payne* factors weigh in favor of setting aside the entry of default. Even with conflicting considerations, any doubts should be resolved in favor of setting aside the default. *Tolson*, 411 F.2d at 130. Thus, the Court **FINDS** that good cause exists under Rule 55 to set aside the entry of default and **GRANTS** Bearman's motion.

## IV. CONCLUSION

For the reasons set forth herein, Bearman's Motion to Set Aside Entry of Default, (ECF No. 103), is **GRANTED** and Plaintiff's Motion for Default Judgment, (ECF No. 100), is **DENIED AS MOOT**. The Court **DIRECTS** the Clerk to vacate the entry of default against Bearman.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 8, 2021

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE