IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

FRANK KENNETH MILLER, JR.,

    Plaintiff,

v.              CIVIL ACTION NO. 2:18-cv-00269

BEARMAN INDUSTRIES, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

  Pending before the Court is Defendant Bearman Industries, LLC's ("Bearman") Motion to Dismiss. (ECF No. 109.) For the reasons discussed more fully below, Bearman's motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

  Plaintiff instituted a products liability action against Cobra Enterprises of Utah, Inc. ("Cobra") on February 6, 2018. (ECF No. 1.) On July 11, 2019, this Court granted Default Judgment for Plaintiff's claims against Cobra, (ECF No. 66), and, on January 24, 2020, entered a Judgment Order against Cobra, (ECF No. 80-81). On September 3, 2020, this Court entered an order granting Plaintiff's Motion to Reopen this Case and file a Third Amended Complaint against Bearman. (ECF No. 86.) The Third Amended Complaint alleges that, on July 11, 2018, Mr. Jared Yeates ("Yeates")—the owner of Cobra—created Bearman and "incur[ed] a transfer of assets from

1

Cobra needed to satisfy the [January 24, 2020] judgment" in anticipation of Cobra's bankruptcy, which was filed on February 24, 2020. (*See* ECF No. 87 at ¶¶ 11, 20.)

On November 30, 2021, Bearman filed the pending motion to dismiss for lack of personal jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. (ECF No. 109.) Plaintiff timely responded, (ECF No. 115), and Bearman timely replied, (ECF No. 116). As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(2)

When a district court considers a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction without an evidentiary hearing, "the party asserting jurisdiction has the burden of establishing a prima facie case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). This prima facie analysis resembles the plausibility analysis under Rule 12(b)(6). *Id.* "[T]he district court must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction." *Id.* (citing *Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 196-97 (4th Cir. 2018)).

In considering a challenge to personal jurisdiction at the pleadings stage, a district court may consider affidavits and other exhibits submitted by the parties. *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020). The allegations of the complaint are taken as true only if they are not controverted by evidence from the defendant. *See Wolf v. Richmond Cnty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984). Where both sides present evidence about personal jurisdiction, factual conflicts must be resolved in favor of the party asserting jurisdiction for the

2

limited purpose of determining whether a prima facie showing has been made. *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 560 (4th Cir. 2014) (directing courts to also "draw all reasonable inferences in favor of the party asserting jurisdiction").

B. *Limited Jurisdictional Discovery*

"The 'broad discretion' entrusted to district courts in their resolution of discovery problems applies to jurisdictional discovery." *Sportrust Assocs. Int'l, Inc. v. The Sports Corp.*, 304 F.Supp.2d 789, 794 (E.D. Va. 2004) (citing *Carefirst of Md., Inc., v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)). However, when a plaintiff offers only speculation or "conclusory assertions" about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 716 n.3 (4th Cir. 2002). Similarly, "[t]he court does not abuse its discretion to deny jurisdictional discovery when the plaintiff raises only 'bare allegations' to dispute [a] defendant's affidavits denying jurisdictional acts or contacts." *The Sports Corp.*, 304 F.Supp.2d at 794 (citing *McLaughlin v. McPhail*, 707 F.2d 800, 807 (4th Cir. 1983)). "Thus, the converse follows that jurisdictional discovery may be appropriate where a plaintiff provides more than bare allegations to dispute a defendant's denial of personal jurisdiction." *Weirton Area Water Bd. v. 3M Co.*, No. 5:20-CV-102, 2020 WL 8184647, at *3 (N.D. W. Va. Nov. 20, 2020) (internal citation omitted) ("This Court does not believe that permitting jurisdictional discovery would amount to nothing more than a 'fishing expedition.'").

III. DISCUSSION

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). This decision involves two steps: (1) assessing whether the forum state's long-arm statute authorizes jurisdiction and (2) ensuring that such "application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020). The long-arm statutes of many states are coextensive with due process, collapsing the two-prong test into one inquiry. *Id.* at 350-51. But the Supreme Court of Appeals of West Virginia has held that West Virginia's long-arm statutes are not coextensive with due process and, thus, courts "must use [the] two-step approach." Syl. Pt. 3, *State ex rel. Ford Motor Co. v. McGraw*, 788 S.E.2d 319 (W. Va. 2016); *but see In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997) (citing *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 525 (4th Cir. 1987)) (holding that West Virginia's long-arm statutes are coextensive with due process).[1]

In this case, Plaintiff asserts that Bearman availed itself to the jurisdiction of this Court by (1) transacting business in West Virginia; (2) contracting to supply products in West Virginia; and (3) causing injuries to persons in West Virginia, including Plaintiff. (ECF No. 87 at 2, ¶ 4.) Specifically, Plaintiff alleges that Bearman is "in the business of manufacturing, re-manufacturing, modifying and/or altering, fabricating, designing, packaging, shipping, selling, servicing, and/or

---

[1] The Court notes that, while the Fourth Circuit has found that West Virginia's long-arm statutes are coextensive with the due process clause, it has also held that federal courts must interpret a state's long-arm statute in the same manner as the state supreme court. *See Shealy v. Challenger Mfg. Co.*, 304 F.2d 102, 104 (4th Cir. 1962) ("We, of course, are bound by South Carolina's interpretation of her service of process statutes."); *Snyder v. Hampton Indus., Inc.*, 521 F. Supp. 130 (D. Md. 1981), *aff'd*, 758 F.2d 649 (4th Cir. 1985) ("This court is bound by the decisions of the Court of Appeals of Maryland as to whether a particular subsection will reach certain conduct" in the Maryland long-arm statute); *see also Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482, 488 (1976) (explaining that federal courts are "bound to accept the interpretation of [state] law by the highest court of the State"). Thus, to be sure, the Court will conduct the two-step inquiry.

4

distributing firearms in the State of West Virginia, including but not limited to a .38 Cal Derringer firearm." (*Id.* at 1, ¶ 2.) Both jurisdictional analyses under the West Virginia long-arm statutes[2] and the Due Process Clause[3] hinge on this factual assertion.

Bearman's motion to dismiss contends that Plaintiff's allegations "are contrary to the record," and cites to Yeates's affidavit previously submitted with Bearman's Motion to Set Aside Default. (ECF No. 110 at 10.) This affidavit claims, *inter alia*, that Bearman "does not and has never regularly conducted business in West Virginia" and "has no business contracts or agreements for services performed in West Virginia or involving West Virginia-domiciled parties." (ECF No. 103-1.) Plaintiff counters that Yeates's affidavit testimony "is false," (ECF No. 115 at 6), and submitted an affidavit from Mr. Tony Kirkwood, claiming that he purchased a Bearman firearm in West Virginia, as well as five other exhibits that purport to show that Bearman firearms can be purchased in West Virginia,[4] (*see* ECF No. 115-1, 115-2, 115-3, 115-4, 115-5, 115-6). In its reply,

---

[2] West Virginia Code § 56-3-33; W. Va. Code § 31D-15-1501(d).

[3] To satisfy due process, "a defendant must have sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Courts may evaluate minimum contacts through the prism of general or specific jurisdiction. *See Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188-89 (4th Cir. 2016). Plaintiff only contends that this Court has specific jurisdiction over the claims against Bearman, (ECF No. 115 at 5), which exists when a nonresident defendant "has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984), and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

[4] Plaintiff also argues that "Jared Yeates, the owner of Bearman, is the former owner Cobra, and was involved in litigation before this very Court before he created Bearman," (ECF No. 115 at 6), and that "if the Court were to accept [certain arguments] by Bearman, it would stand that this Court never had jurisdiction over Cobra," (*id.* at 8). However, despite the nexus between Yeates, Cobra, and Bearman, the Court again notes that they are three distinct entities, as both parties have acknowledged, (ECF Nos. 110 at 4; 115 at 16), and Plaintiff has not even attempted to pierce the corporate veil, *see Southern States Cooperative, Inc. v. Dailey*, 280 S.E.2d 821 (W. Va. 1981) (explaining that the doctrine of "piercing the corporate veil" allows courts, in certain circumstances, to disregard the corporate form and "look beyond the bare legal relationship of the parties to prevent the corporate form from being used to perpetrate injustice, defeat public convenience or justify wrong"); *see also* Syl. Pt. 2, *Norfolk Southern Railway Company v. Maynard*, 437 S.E.2d 277 (W. Va. 1993) (providing eleven factors for courts to consider for jurisdictional veil piercing, as opposed to substantive veil piercing).

Bearman offered another affidavit by Yeates, averring, in part, that Bearman sells its firearms "directly to [five] distributors only," none of which are located in West Virginia, and "does not discuss, cooperate with, or direct any of the distributors regarding where the distributors sell the firearms." (ECF No. 116-1 at 1-2.) Yeates also states that Bearman does have any "business relationship with any person or business in West Virginia," and "[t]o the extent distributors or retailers market firearms by identifying them as being made by 'Bearman,' Bearman does not control or direct such marketing[.]" (*Id.* at 2.)

Ultimately, the parties' briefings and minimal substantive evidence are of little help in determining whether Plaintiff has made a prima facie showing of personal jurisdiction. While Plaintiff's allegations are close to "bare" and "conclusory," *see The Sports Corp.*, 304 F.Supp.2d at 794; *ALS Scan, Inc*, 293 F.3d at 716 n.3, Plaintiff must only establish a prima facie case of jurisdiction at this stage, *see Hawkins*, 935 F.3d at 226. Similarly, although Bearman's evidence seems to undermine Plaintiff's evidence that Bearman's firearms are being marketed and available for sale in West Virginia, factual conflicts must be resolved Plaintiff's favor. *See Mylan Labs.*, 2 F.3d at 62; *see also Combs*, 886 F.2d at 676. Further, based on the facts and procedural posture of this case, the Court does not find that personal jurisdiction over Bearman is "speculative," *ALS Scan, Inc*, 293 F.3d at 716 n.3, or that jurisdictional discovery would be a "fishing expedition," *3M Co.*, 2020 WL 8184647, at *3. Therefore, in its broad discretion, the Court finds it appropriate to permit a period of time for the parties to conduct limited jurisdictional discovery.

IV. CONCLUSION

For the foregoing reasons, this Court **DENIES WITHOUT PREJUDICE** Bearman's Motion to Dismiss. (ECF No. 109.) The Court **ORDERS** the parties to complete limited

jurisdictional discovery within sixty (60) days of entry of this Order. The parties are hereby **DIRECTED** to conduct limited discovery on the nature and extent of Bearman's contacts with West Virginia. Discovery shall be limited to the personal jurisdiction issue only.

Further, the Court will hold an evidentiary hearing on the issue of personal jurisdiction on **June 30, 2022, at 10:30 a.m.**

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 21, 2022

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE